JUDGE LINDSAY
delivered the opinion of .the court.
Wager Swayne, the executor of the last will and testament of Alfred Harris, deceased, instituted an action in the Louisville Chancery Court, seeking, among other things, a settlement of the estate in his hands. To this action the heirs, devisees, and creditors of the testator were made parties.
On the 10th of September, 1873, S. H. Horner, who claims to be a creditor of the estate, and who therefore had the right to make himself a party, appeared and filed his petition, setting up a claim for three thousand two hundred and ninety-four dollars for medical services rendered the testator and his family at his special instance and request. The petition contains all the necessary averments, and entitles the petitioner prima faeie to a judgment for the amount claimed.
The executor appeared and asked for and obtained a rule against Horner, requiring him to itemize his account and to *359 make out a bill of particulars, specifying each item of service performed and the value thereof. To this rule a response was filed, which was treated as sufficient. The claim of Horner was referred to the commissioner, and both parties made preparation by taking proof. Horner excepted to the depositions taken by the executor upon the ground that he had no right to take them until he had answered his petition. This exception was overruled by the chancellor.
The commissioner reported, allowing Horner something over one half of his claim. To this report both parties excepted; but their exceptions were overruled, and a judgment rendered confirming the action of the commissioner and allowing Horner the amount reported in his favor. He petitioned for a rehearing, and upon his petition the judgment was set aside, and the chancellor made an order submitting the questions of fact arising on the claim to a jury.
Horner then asked that the executor be required to answer his petition and set up the grounds upon which he expected to resist a recovery. His motion was overruled. The trial by the jury resulted in a verdict for the executor, and the chancellor rendered a judgment rejecting the whole of Horner’s claim.
The question of practice presented by this appeal has not, so far as we can discover, been settled by this court.
The usual practice in actions for the settlement of the estates of deceased persons is for creditors to present their claims verified and proved, as required by the statute. Upon exceptions to the master’s report the sufficiency of the verification and proof can always be inquired into, and in such cases it seems allowable to investigate and pass upon the merits of the claim.
But in this case the claimant has, in the exercise of an undoubted right, filed his petition making his claim, which is properly verified and proved, the foundation of his action.
*360 The executor, upon a mere exception, couched in the following language, “Plaintiff excepts to the claim of S. H. Horner as not sufficiently proven as to services and quantity of services,” desired to defend upon the ground that Horner had no legal and subsisting claim against the decedent’s estate.
The issues to be tried are necessarily issues of fact, and can not be properly presented except by appropriate pleadings. The chancellor may and frequently does submit questions of fact to a jury, but the issues are always made up from the pleadings in the action. We are aware of no state of case in which the chancellor can compel a petitioner to establish his cause of action or any fact essential thereto to the satisfaction of a jury until he -has first required the defendant to answer, and has thereby ascertained whether or not the existence of the fact is denied.
According to the provisions of the Civil Code of Practice, a party against whom a cause of action is presented, whether at law or in equity, and whether by an original or cross-petition, or by answer when it is in the nature of a set-off or counter-claim, can not make defense without pleading in some form his grounds of defense, and ordinarily he must, if required, verify his pleading. Section 142 of the Civil Code excepts certain cases from the rule requiring verification, but the present case does not come within any of the exceptions.
We are of opinion that the chancellor, under the circumstances of this case, should have required appellee to state his grounds of defense in the form of an answer, or in the form of an exception, containing the denials or allegations of facts necessary to present a defense, and that he should have been required to verify such pleading or exception.
We see no reason why a personal representative who institutes an action to settle the estate in his hands, and thereby compels the creditors to prosecute their claims by making themselves parties to such action, shall be allowed to escape *361 the observance of such of the rules of practice established by the Civil Code as are of universal application, and which he would without doubt, have been required to observe had he been sued at law.
The impropriety of .such a practice is forcibly illustrated by this case. Upon a mere exception as to the sufficiency of the proof accompanying the claim the executor was allowed to defend upon the ground that the services charged for were rendered gratis, with no expectation upon the part of -the decedent to pay, and with no intention upon the part of Horner to exact payment; and also that Harris during his life-time had in some way paid or compensated Horner for all the services rendered. Horner could not have anticipated these defenses, and ought not to have been required to meet them when presented for the first time upon the trial by the jury. Further than this, it is possible the executor could not have truthfully verified an answer or other pleading setting up such grounds of defense.
The judgment rejecting Horner’s claim is reversed. Upon the return of the cause the executor should be required to answer. If he fails to do so within a reasonable time, Horner should have judgment for the value of all services rendered at the instance and for the benefit of the decedent or his family.