JAMES E. FORD *v.* JAMES W. WORNALL, ET AL.

**Vendor's Lien.**

> The vendor has no lien on real estate conveyed when the amount of the unpaid purchase money is not stated in the deed.

**Partnership Debts.**

> Where a partner has conveyed his undivided interest in firm property and has not reserved a lien thereon for purchase money, but if forced to pay partnership debts which were assumed by his vendee, he may in equity subject such conveyed interest in the hands of his vendee, but not where it has been conveyed to indemnify him for having paid the partnership debts.

APPEAL FROM BOURBON CIRCUIT COURT.

April 7, 1876.

OPINION BY JUDGE COFER:

We are of the opinion that Wornall has no lien, either as vendor or as partner, on the fund arising from the sale of the one-half interent in the distilling property which he sold and conveyed to Mrs. Hutchinson. He has no vendor's lien, because the amount of purchase money remaining unpaid is not stated in the deed. He has no lien as partner, because by the terms of his deed he conveyed all his interest in the effects of the firm to Mrs. Hutchinson, except his interest in the Chicago property, and waived his lien as partner.

Mrs. Hutchinson being a married woman, and therefore not personally liable upon her agreement to pay the firm debts, if she was yet owner of the interest conveyed to her by Wornall, he could, no doubt, subject it to his indemnity for the payment of firm debts which she undertook to pay, not on the ground that he has a lien, but upon that broad principle of equity which forbids that a purchaser of property, who is not legally bound to pay for it, shall be permitted to retain it without paying the price. But Thomas R. Ford, having purchased the interest sold to Mrs. Hutchinson and paid her for it, cannot be compelled to surrender it for the indemnity of her vendor who has no lien.

We do not find in the record any pleading by the appellant asserting a prior lien for the amount paid by him to the United States on account of his suretyship in the distiller's bond of Ford and Hutchinson; but we must take judicial notice of the act of congress giving a first lien on property used for the distillation of spirits, in favor of the United States for taxes and such other liabilities of the distiller as are secured by the bond. The record shows that the United States sued upon the bond and recovered a judgment, and that the appellant satisfied that judgment, and we perceive no reason why he shall not be substituted to the lien held by the United States.

It would ordinarily be necessary, in order to enforce such a lien, to set it up by appropriate pleadings, but we do not think that was necessary in this case. The suit was to settle a trust made for the payment of debts, and is governed by the same rules of practice, as far as applicable, as a suit to settle the insolvent estate of a deceased person. In such cases it is never deemed necessary that creditors coming to prove debts secured by a lien on the property being administered should set up their liens by pleading; but it is sufficient if they make the necessary facts appear in proof.

It would be extremely inconvenient and expensive to require all claims presented in a case like this to be set up in appropriate formal pleading. Such a course is unnecessary, because, whether the debts proved be lien debts or not, the court has full power to sell the trust property and apply the proceeds to the payment of the debts, and all questions respecting liens, as well as those respecting the validity of claims presented, may be tried before the master, and his rulings may be revised by the court upon exceptions to his report. *Horner v. Harris's Ex'r,* 10 Bush 357.

We are, therefore, of opinion that the court did not err in adjudging that the appellant had a prior lien for the amount paid by him to the United States, and on the cross-appeal the judgment is affirmed. But for the error in adjudging to Wornall priority over the appellant in the balance of the proceeds of the sale of one-half of the distillery property, the judgment is *reversed.* As James E. Ford is the only creditor who appeals, the only effect of the reversal will be to entitle him to a judgment for his pro rata share of the fund adjudged to Wornall.

The cause is remanded with directions to enter a judgment in conformity to this opinion.

*Breckenridge & Buckner, J. A. Duvall, for appellant.*

*G. M. Davis, T. F. Hargis, for appellees.*